IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
FREDERICK COLEMAN et al.,   )
                            )
    Plaintiffs,             )
                            )
    v.                      )
                            )    CIVIL ACTION NO.
HYUNDAI MOTOR               )      2:22cv666-MHT
MANUFACTURING OF ALABAMA,   )          (WO)
LLC.,                       )
                            )
    Defendant.              )
```

OPINION

Plaintiffs Frederick Coleman, Edward Daniels, Jimmy Williams, Jason Ingram, and Stacy Trimble brought this employment-discrimination lawsuit against defendant Hyundai Motor Manufacturing of Alabama, LLC, asserting various claims of race discrimination and retaliation in violation of 42 U.S.C. § 1981. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

Pending before the court is Hyundai's motion to sever due to party misjoinder or, in the alternative, hold separate trials. Hyundai asserts that plaintiffs, along

with their claims, should be severed from each other under Rule 21 of the Federal Rules of Civil Procedure. Hyundai further asserts that if the court does not sever plaintiffs' cases, the court should hold separate trials for each plaintiff under Rule 42(b). As explained below, the motion to sever will be granted in part and denied in part, and the alternative motion for separate trials will be denied.

## I.  MOTION TO SEVER

While ordinarily, an individual plaintiff sues a defendant or group of defendants, in some cases several plaintiffs may join as parties in a suit. Here, plaintiffs have joined to bring suit against Hyundai. Yet Hyundai argues that plaintiffs were not properly joined under Rule 20 of the Federal Rules of Civil Procedure, and, so, plaintiffs and their claims should be each severed into a separate case under Rule 21. *See* Fed. R. Civ. P. 21; *see also* 4 James Wm. Moore et al., *Moore's Federal Practice* § 20.02[1][a] (3d ed. 2024).

2

Subpart (a)(1) of Rule 20 of the Federal Rules of Civil Procedure governs the permissive joinder of plaintiffs as parties in a single lawsuit; this subpart has two requirements.  First, plaintiffs must show 'transactional relatedness'; that is, that plaintiffs "assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences."  Fed. R. Civ. P. 20(a)(1)(A).  "[A]ll logically related events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence."  *Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000) (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)) (quotations marks omitted)).  Second, plaintiffs must establish 'commonality'; in other words, there must be a "question of law or fact common to all plaintiffs ...."  Fed. R. Civ. P. 20(a)(1)(B).  Here, while Coleman, Daniels, and Williams meet both requirements of Rule 20(a)(1), Trimble and Ingram do not.

First, Ingram was not properly joined because he has not established transactional relatedness. His sole claim is that Hyundai fired him due to his race, and the events relevant to that claim occurred in 2019, long before most of the events relevant to the other four plaintiffs. Furthermore, none of the facts with regard to the other plaintiffs are logically related to Ingram aside from the fact that all five plaintiffs were employed in the general assembly department at Hyundai's manufacturing plant in Montgomery. And a common place of employment, standing alone, is not enough to show transactional relatedness. *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996); *see also Grayson v. K-Mart Corp.*, 849 F. Supp. 785, 789 (N.D. Ga. 1994) (Carnes, J.).

Second, Trimble was not properly joined because he has not established transactional relatedness with Ingram, nor has he established commonality with Coleman, Daniels, or Williams. For the reasons already explained, Trimble's failure-to-promote claim does not meet the

first requirement of transactional relatedness with regard to Ingram.  Moreover, Trimble has not established the second requirement of commonality with Coleman, Daniels, or Williams.  His claim does not involve a common question of law; the basis for his only claim is race discrimination while the remaining three plaintiffs bring only retaliation claims.\*  Trimble's claim also does not involve a common question of fact; the facts relevant to whether Hyundai racially discriminated against him in the promotion process are largely immaterial to whether the Coleman, Daniels, and Williams faced retaliation.

Nevertheless, plaintiffs assert that the commonality requirement is met because Trimble's claim is part of an overarching "culture of punishing blacks who challenge [Hyundai's alleged ideology of racial paternalism]." Pls.' Resp. (Doc. 64) 9-10.  Plaintiffs contend that this

---

\* Trimble initially also brought a retaliation claim, but he has since abandoned that claim, s*ee* Pls.' Resp. (Doc. 64) 2 n.2, though the claim has yet to be formally dismissed.  Similarly, Coleman and Daniels each initially brought a racial discrimination claim, but they have both since abandoned those claims, s*ee id.* 2 n.3, though the claims have yet to be formally dismissed.

"ideology is the kind of 'standardized policy of discrimination' or underlying 'causal link' that this [c]ourt has identified as a valid foundation for joinder." *Id.* (citing *Holloway v. Health Servs.*, Inc., No. 2:19-cv-119-MHT, 2020 WL 7028472, at *3 (M.D. Ala. Nov. 30, 2020) (Thompson, J.)). But plaintiffs miscite this court's *Holloway* case. The broad allegations of a discriminatory culture here are akin to those that this court previously found *insufficient* to meet the commonality requirement in *Holloway*. *See* 2020 WL 7028472, at *3 (Thompson, J.).

Third and finally, the joinder together of Coleman, Daniels, and Williams was proper under Rule 20(a)(1). Coleman, Daniels, and Williams each bring claims alleging they faced retaliation for complaining of race discrimination. These plaintiffs' claims are transactionally related. For starters, they all allege retaliation in relation to their reporting of the 'master Swann incident.' They all assert that they witnessed the incident, reported it, and suffered retaliation after

6

being interviewed about it.  Furthermore, both Daniels and Williams complain they suffered retaliation both after complaining of discrimination in a demand letter and filing this case.

Moreover, Coleman, Daniels, and Williams have all established commonality.  Their claims involve common factual questions about an alleged overarching scheme of retaliation related to their reporting of the 'master Swann incident.'  Additionally, these plaintiffs present common legal questions as they all bring § 1981 retaliation claims in connection with the fallout of that incident.

In response, Hyundai asserts that there is no overlap among Coleman, Daniels, and Williams because they each assert different forms of retaliation, such as a failure to promote, reassignment, or termination.  However, "[t]he fact that the plaintiffs allege that they suffered different forms of retaliation does not preclude a finding that their claims should be joined."  *Holloway*, 2020 WL 7028472, at *3 (Thompson, J.).

7

## II. ALTERNATIVE MOTION FOR SEPARATE TRIALS

Because Ingram and Trimble will have separate cases now, the alternative motion for separate trials is moot as to them. As to Coleman, Daniels, and Williams, although they now have a separate case, there is still the question is whether the three should be tried together in that case. The court reserves reaching that issue until after there is disposition of the pending motion for summary judgment as to them. The court will, therefore, deny the alternative motion for separate trials as to them, but with leave to renew after disposition of the dispositive motion.

## III. CONCLUSION

For the reasons above, the motion to sever will be granted and denied as follows: (1) Ingram will continue to proceed under the now assigned case number; (2) Trimble will be severed from the other plaintiffs, and he will proceed under a new case number; (3) Coleman,

Daniels, and Williams will not be severed from each other, but they will be assigned a new case number and severed from both Ingram and Trimble.  The alternative motion for separate trials will be (1) denied as moot with regards to Ingram and Trimble; and (2) denied, with leave to refile after resolution of the pending motion for summary judgment, with regard to Coleman, Daniels, and Williams.

An appropriate order will be entered.

DONE, this the 26th day of March, 2025.

                         /s/ Myron H. Thompson
                        UNITED STATES DISTRICT JUDGE